# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

J.S. and Y.S., individually, and
GUARDIANS AD LITEM FOR R.S., a
minor child, and S.L. and M.L.,
individually, and GUARDIANS AD
LITEM FOR T.L., a minor child; M.F. and
S. G-R., individually, and GUARDIANS
AD LITEM FOR M.G., a minor child; and
A.A. as GUARDIAN AD LITEM FOR
J.A., a minor child

      **Plaintiffs**,

          v.

EDGEMOOR COMMUNITY CENTER,
INC., d/b/a BELLEVUE COMMUNITY
CENTER, STACEY SIMS, CRISTIAN
YENSHAW, JOSEPH WISNIEWSKI,
AND DIONE ALLEN,

      **Defendants**.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N23C-06-110 CLS

Date Submitted: October 18, 2024
Date Decided: November 14, 2024

*Upon Defendants Edgemoor Community Center, d/b/a Bellevue Community Center, Joseph Wisniewski, and Dione Allen to Disqualify Adam Wasserman, Esq., and the Firm of Ciconte Wasserman & Scerba, LLC As Counsel for Plaintiffs.* **DENIED.**

## <u>ORDER</u>

Adam F. Wasserman, Esquire, Ciconte Wasserman & Scerba LLC, Wilmington, Delaware, 19801. Chase T. Brockstedt, Esquire, Baird Mandalas Brockstedt & Frederico, LLC, Lewes, Delaware 19958. Attorneys for Collective Plaintiffs.

Maria R. Granaudo, Esquire, Burns White, LLC Wilmington, Delaware, 19803. Anne S. Frankel, Esquire, Conshohocken, Pennsylvania, 19428. Attorneys for Defendants Edgemoor Community Center, Inc. d/b/a Bellevue Community Center, Joseph Wisniewski, and Dione Allen.

**SCOTT, J.**

## INTRODUCTION

This action arises out of a dispute over alleged child abuse claims against collective Defendants Edgemoor Community Center Inc., Bellevue Community Center ("BCC"), Stacy Sims, Cristian Yenshaw, Joseph Wisniewski, and Dione Allen (collectively "Defendants,"). Currently before this Court is Defendants Motion to Disqualify Adam Wasserman ("Wasserman"), Esquire and the Firm of Ciconte Wasserman & Scerba, LLC from representing collective Plaintiffs in this action. For the reasons stated below, Motion for Disqualification is **DENIED**.

## BACKGROUND

On June 13, 2023, a Complaint was filed by Wasserman and the firm Ciconte Wasserman & Scerba, LLC, on behalf of collective Plaintiff-Parents and minor children. Plaintiffs assert claims for negligence, assault and battery, intentional inflection of emotional distress, breach of contract, and civil conspiracy. Plaintiffs request punitive damages as an avenue of relief.

Jesse McLane ("McLane") was employed by BCC from December 2022 until July 30, 2024, as the Director of Finance. On August 2, 2024, Wasserman initiated communication with McLane. The scope of communication between Wasserman and McLane was regarding McLane's severance agreement and waiver and release of claims related to his prior employment at BCC. Throughout the duration of the

communications between Wasserman and McLane, McLane was not employed by BCC.

On August 3, 2024, Wasserman sent an email to Daniel Elkins, Executive Director of BCC, informing him that he has retained representation of McLane in connection with the separation of his employment at BCC.

On September 12, 2024, counsel for BCC, Anne Frankel, Esq. ("Frankel") conveyed to Wasserman that there was a potential conflict of interest in Wasserman's representation of McLane. Wasserman in response inquired, to Frankel, whether BCC would consent to his continued limited representation of McLane for the purpose of severance offer negotiations only.

Wasserman, subsequently, voluntarily withdrew representation of McLane. Frankel, on September 20, 2024, informed Wasserman that BCC did not consent to his representation of McLane.

On September 20, 2024, collective Defendants filed a Motion to Disqualify Wasserman and the firm of Ciconte Wasserman & Scerba, LLC as counsel for Plaintiffs.

## STANDARD OF REVIEW

"The Court has the inherent power to supervise the professional conduct of attorneys appearing before it."[1] The Court has the vested authority to disqualify an attorney for a violation of the Delaware Professional Rules of Conduct, however, disqualification motions are generally disfavored.[2] "A movant for disqualification must have evidence to buttress his claim of conflict because a litigant should, as much as possible, be able to use the counsel of his choice."[3]

An attorney may be disqualified as a remedy to ensure that a client's confidential communications to their attorney are not used against the client when the lawyer, later, represents an adverse party to the former client.[4] The Court, however, is not the primary disciplinary authority for enforcement of the ethical rules.[5] When the Court is faced with a disciplinary challenge of an attorney's actions,

---

[1] *Unanue v. Unanue*, 2004 WL 602096, at *2 (Del. Ch.); *Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.,* 142 F.Supp.2d 579, 581 (D.Del.2001).

[2] *Id.*

[3] *Id. ("*Vague and unsupported allegations are not sufficient to meet this standard.); *See also Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc.,* 142 F.Supp.2d 579, 581 (D.Del.2001).

[4] *Manchester v. Narragansett Capital, Inc.,* 1989 WL 125190, at *3 (Del. Ch.) citing *Satellite Fin. Planning Corp. v. First Nat'l Bank,* 652 F.Supp. 1281, 1283 (D.Del.1987).

[5] *Unanue v. Unanue*, 2004 WL 602096, at *2 (Del. Ch.) ("In Delaware that function is served by the Delaware Supreme Court, the Board of Professional Responsibility and the Office of Disciplinary Counsel.") s*ee also* Del.Supr. Ct. R. 62 and 64; Delaware Lawyers' Rules of Disciplinary Procedure; *In re Infotechnology, Inc.,* 582 A.2d 215, 216-17 (Del.1990).

the ethical rules provide a framework for the Court's analysis of Plaintiffs' motion. The Court's inquiry focuses on whether Wasserman's continued representation of Plaintiffs will so undermine the integrity and fairness of the proceedings that Plaintiffs should be deprived counsel of their choosing.[6]

## DISCUSSION

Defendants argue that Wasserman's representation of Plaintiffs violates Delaware Lawyers' Rules of Professional Conduct 4.2 ("DLRPC 4.2") because it overlapped with Wasserman's representation of McLane at a time when McLane's interest were directly adverse to BCC. Defendants counter that Wasserman did not violate DLRPC 4.2 because, at the time of communications, McLane was not an employee of BCC, McLane was not represented by counsel, and the communications between Wasserman and McClane were unrelated to the subject in the instant litigation.

DLRPC 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to

---

[6] *In re Infotechnology, Inc.,* 582 A.2d 215, 216-17 (Del.1990) ("Unless the challenged conduct prejudices the fairness of the proceedings, such that it adversely affects the fair and efficient administration of justice, only [the Delaware Supreme] Court has the power and responsibility to govern the Bar, and in pursuance of that authority to enforce the Rules for disciplinary purposes").

be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.[7]

To evaluate BCC's claims of alleged violations of DLRPC 4.2, the Court must first determine if the scope of DLRPC 4.2 is applicable to the present case.

Here, Wasserman and McLane evaluated the terms of an offer of severance, including a waiver and release of claims related to his employment with BCC. Wasserman and McLane's communication took place when McLane was not employed by BCC. Further the brevity of the communications between Wasserman and McLane only encompassed McLane's severance from BCC. Thus, Wasserman's representation of McClane was entirely separate and apart from the current action.

The Court finds the facts on the record indicate DLRPC 4.2 is inapplicable in the present case and no conflict violation occurred under the Delaware Lawyers' Rules of Professional Conduct because at the time of the communications between Wasserman and McLane, McLane was not an employee of BCC. The intent of DLRPC 4.2 is to foster and protect the attorney-client relationship and it is only applicable to "present agents…[or] employees," that could bind a represented entity.[8] In *DiOssi v. Edison*, a dram shop case, Defendant filed a Motion *in limine*

---

[7] DLRPC 4.2.

[8] *DiOssi v. Edison*, 583 A.2d 1343, 1344 (Del. Super. Ct. 1990); *see also Monsanto Co. v. Aetna Cas. & Sur. Co.*, 593 A.2d 1013, 1016 (Del. Super. Ct. 1990),

to preclude evidence that Plaintiff's counsel obtained by contacting former employees.[9] Defendant argued that Rule 4.2 of the DLRPC prohibits such activity.[10] This Court in *DiOssi v. Edison*, held that DLRPC 4.2 only applies to "present principles, officers, employees, agents, etc. of a represented entity."[11] Further, Rule 4.2 does not prohibit *ex parte* communications with former employees.[12] Thus, Defendant's conduct did not violate DLRPC 4.2.[13] Here, McLane was not employed by BCC at the time of his communications with Wasserman making a potential violation of DLRPC 4.2 inapplicable in the present case. Even if there was a violation of DLRPC 4.2, a Motion for Disqualification is not the appropriate remedy.[14]

---

*enforcement granted in part, order set aside in part*, No. C.A. 88C-JA-118, 1990 WL 200471 (Del. Super. Ct. Dec. 4, 1990), *amended*, No. C.A. 88C-JA-118, 1991 WL 18126 (Del. Super. Ct. Feb. 5, 1991).

[9] *DiOssi v. Edison*, 583 A.2d 1343, 1344 (Del. Super. Ct. 1990).
[10] *Id.*
[11] *Id.*

[12] *Id.*; *see also Monsanto Co. v. Aetna Cas. & Sur. Co.*, 593 A.2d 1013, 1016 (Del. Super. Ct. 1990), *enforcement granted in part, order set aside in part*, No. C.A. 88C-JA-118, 1990 WL 200471 (Del. Super. Ct. Dec. 4, 1990), *amended*, No. C.A. 88C-JA-118, 1991 WL 18126 (Del. Super. Ct. Feb. 5, 1991).

[13] *Id.*
[14] *Monsanto Co. v. Aetna Cas. & Sur. Co.*, 593 A.2d 1013, 1021 (Del. Super. Ct. 1990), *enforcement granted in part, order set aside in part*, No. C.A. 88C-JA-118, 1990 WL 200471 (Del. Super. Ct. Dec. 4, 1990), *amended*, No. C.A. 88C-JA-118, 1991 WL 18126 (Del. Super. Ct. Feb. 5, 1991) (The Court noted in the amended order that it believed all evidence obtained as a result of inappropriate conduct that violated DLRPC 4.2 should be excluded, the Court clarified that a determination as

Defendants have not proffered clear and convincing evidence that would merit an actual violation of the Delaware Lawyers' Rules of Professional Conduct or evidence that Wasserman's communications with McLane threatened the legitimacy of the judicial proceedings.[15] Accordingly, this Court finds no violation of DLRPC 4.2 occurred. Defendants Motion to Disqualify Plaintiff's Counsel is **DENIED.**

## CONCLUSION

For the foregoing reasons, collective Defendant's Motion to Disqualify Plaintiffs' Counsel is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

to the admissibility of such evidence should be deferred pending Monsanto's review of the information required to be produced.").

[15] *State v. Bancorp Bank*, 307 A.3d 360, 370 (Del. Super. Ct. 2023).